UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEVIN L. TADDA                                                                                         PLAINTIFF

v.                                          No. 5:20-cv-05055

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                         DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion (Doc. 6) to dismiss and brief (Doc. 7) in support. State Farm's motion represents that, based on communication between its counsel and counsel for Plaintiff Kevin L. Tadda ("Tadda"), Tadda intended to plead a claim for bad faith, not breach of fiduciary duty. Based on this representation, State Farm's motion sought to dismiss Tadda's bad faith claim even though it was not specifically pled in the complaint. However, Tadda's response (Doc. 12) reflects that he intended to plead breach of fiduciary duty, not bad faith. Tadda's response is devoted to defending its breach of fiduciary claim.[1] State Farm filed a reply (Doc. 15) with leave of Court in order to address the breach of fiduciary duty claim. For the reasons discussed below, the motion will be GRANTED.

To survive a motion to dismiss, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts Plaintiff's factual allegations as true. *Gallagher v. City of Clayton*, 699 F.3d 1013,

---

[1] Tadda admits in his response that the complaint contains no claim for bad faith. (*See* Doc. 12, p. 2) ("Regardless of Defendant's belief that Count II . . . was intended to be a claim of bad faith, Count II of Plaintiff's Complaint is for Breach of Fiduciary Duty."). The motion to dismiss is moot with respect to this claim. The only disputed issue is whether the breach of fiduciary duty claim in the complaint is viable.

1

1016 (8th Cir. 2012). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Tadda was injured following an automobile accident in November 2017. Tadda settled his claim with the tortfeasor's insurance company for the policy limits of the tortfeasor's policy, but, according to the complaint, that settlement was insufficient to cover Tadda's total losses. Tadda initiated this action to recover the difference between his total loss and the settlement he reached with the tortfeasor's insurance company. Tadda alleges State Farm breached the policy contract when it refused to pay him pursuant to his underinsured motorist coverage. He further alleges State Farm breached the fiduciary duty it owed to Tadda by failing to investigate his claim and "diligently search for and consider evidence that supports his claim." (Doc. 12, p. 8). State Farm argues no such duty exists in first-party insurance claims. According to Tadda, because language within the policy presumably[2] allows State Farm to act on behalf of Tadda, it creates a fiduciary duty by which State Farm must always act in his best interests.

The parties agree that Arkansas law provides for circumstances where an insurance company owes an insured a fiduciary duty to act in the insured's best interests. Citing to a Tenth Circuit case, the Arkansas Supreme Court described such a situation in *S. Farm Bureau Cas. Ins. Co. v. Parker*, 341 S.W.2d 36 (Ark. 1960).

> When a liability insurance company by the terms of its policy obtains from the insured a power, irrevocable during the continuance of its liability under the policy, to determine whether an offer of compromise of a claim shall be accepted or rejected, it creates a fiduciary relationship between it and the insured with the resulting duties that grow out of such relationship.

---

[2] Tadda's response suggests such language exists within the policy "upon information and belief" (Doc. 12, p. 7). The Court must accept this fact as true for purposes of this motion. *See Gallagher*, 699 F.3d at 1016.

*Id.* at 41 (quoting *Am. Fid. & Cas. Co. v. Nichols*, 173 F.2d 830, 832 (1949)). Based on this statement—and most precedent discussing this issue—a fiduciary duty arises when an insurance company assumes the duty to defend or indemnify the insured and controls litigation against a third party. *See Cent. Flying Serv., Inc. v. Star Net Ins. Co.*, 150 F.Supp.3d 1038, 1044 (E.D. Ark. 2015) ("Under third party liability coverage when the insured is sued by a third party, the insurance company takes over the defense of the suit and the insured cannot settle the matter without permission of the insurer. *It is this control of the litigation by the insurer coupled with differing levels of exposure to economic loss which gives rise to the 'fiduciary' nature of the insurer's duty.*" (quoting *Craft v. Econ. Fire & Cas. Co.*, 572 F.2d 565, 569 (7th Cir. 1978) (emphasis in original)); *see also St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc.*, 738 N.W.2d 401, 407 (Minn. Ct. App. 2007) (noting the insured-insurer relationship is contractual—not fiduciary—at the outset, but a fiduciary duty may arise when the insurer assumes the duty to defend the insured against a third party).

Tadda brings this action for payment under his underinsured motorist coverage issued by State Farm, not to recover from a third party (he has already done so). There is little doubt State Farm owes Tadda certain duties when investigating his claim, but those duties are not fiduciary in nature. State Farm's motion to dismiss will be GRANTED.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 6) is GRANTED. Plaintiff's claim for breach of fiduciary duty is DISMISSED WITH PREJUDICE. Plaintiff's breach of contract claim remains pending.

IT IS SO ORDERED this 21st day of April, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

3